TAYLOR, Judge.
One of the issues raised by appellant is whether the prosecutor’s use of his peremptory challenges violated the rule of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
Our own Supreme Court has recently released an opinion in the case of Ex parte Branch, 526 So.2d 609 (Ala.1987) (modified on rehearing, December 4, 1987). The Alabama Supreme Court’s decision in Branch reviewed in detail the holding of the Supreme Court of the United States in Bat-son, supra, and its own ruling in Ex parte Jackson, 516 So.2d 768 (Ala.1986). In Branch, our Supreme Court set out some general guidelines to be followed by the lower courts of this State in the implementation of the mandates in Batson and Jackson. The Supreme Court then remanded Branch to this court with instructions for us to remand the case to the trial court, which we did, Branch v. State, 526 So.2d *151 634 (Ala.Cr.App.1988), so as to allow the trial judge to again review the proceedings conducted before him, using the guidelines set out in its opinion.
We find that the instant circumstances warrant additional consideration under the Branch guidelines. See, Avery v. State, 545 So.2d 123 (Ala.Cr.App.1988). Further, this court is bound by law to follow the decisions of our Supreme Court. Section 12-3-16, Code of Alabama 1975. Accordingly, it is incumbent upon us to remand this case to the Circuit Court for Jefferson County, with directions to review again the proceedings conducted before it, using the guidelines adopted by our Supreme Court; the circuit court is directed to file a return with this court within a reasonable time its findings and conclusions containing the testimony together with the court’s written findings.
REMANDED WITH DIRECTIONS.
All the Judges concur.
ON RETURN TO REMAND
TAYLOR, Judge.
We remanded this case to the circuit court to conduct a hearing in accordance with Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and Ex parte Branch, 526 So.2d 609 (Ala.1987). The circuit court concluded that the case was due to be retried and entered an order setting aside the conviction and ordered a new trial. The new trial order renders this issue moot.
The other issue presented in this case addressed the sufficiency of the evidence, alleging an insufficient proof of chain of custody. We decline to address this issue, because the evidence may be different upon a retrial of the case.
Accordingly, this appeal is moot and it is hereby dismissed.
OPINION EXTENDED; APPEAL DISMISSED.
All the Judges concur.